IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nationwide Mutual Fire Insurance Company,<br><br>  Plaintiff,<br><br>v.<br><br>Michelle Caine,<br><br>  Defendant. | Case No. 2:19-cv-2776-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 12. For the reasons stated herein, the Court grants Plaintiff's motion and denies Defendant's motion.

**I.      Background**

This declaratory judgment action, filed on September 30, 2019, requires the Court to determine whether Defendant Michelle Caine is permitted to stack underinsured motorist coverage under a policy issued by Plaintiff to nonparty David Aldous, with whom Defendant had no residential or familial relationship at the time of the accident. The parties' cross motions are dispositive. Finding no ambiguity in the policy and finding that Defendant is a Class II insured under South Carolina law, the Court holds that Defendant is not entitled to stack coverage.

The underlying motor vehicle accident occurred on December 10, 2014. At the time of the accident, Defendant was operating one of the two vehicles insured under the policy at issue. Defendant now seeks to stack underinsured motorist coverage associated with the other insured vehicle. Relevant policy provisions provide, in part, as follows:

- The policy declarations page lists David Aldous and Michelle Dallas (now Michelle Caine) as "Insured Driver(s)." ECF No. 1-1 at 8. David Aldous is listed first. *Id.*

- The policy defines the first person named in the declarations to be both "[t]he policyholder" and "the named insured." *Id.* at 13.

- "Insured" is defined as "one who is described as entitled to protection under each coverage." *Id.*

- The terms "you" and "your" refer to "the policyholder and spouse, if resident of the same household." *Id.*

- The uninsured and underinsured motorist coverage section of the policy states that "[w]e will pay damages . . . because of bodily injury suffered by you or a relative, and because of property damage." *Id.* at 26.

- Uninsured and/or underinsured coverage is available to persons other than "you," *i.e.* David Aldous, or his "relative," for bodily injury sustained while operating a vehicle insured under the policy with permission. *Id.*

- The policy limits coverage to the limits stated in the declarations: "The insuring of more than one person or vehicle under any policy issued by us or an affiliated company does not increase our payment limits." *Id.* at 28.

Plaintiff now argues that the foregoing policy provisions unambiguously render Michelle Caine a Class II insured under South Carolina law who is, therefore, not entitled to reach the underinsured motorist coverage associated with the other vehicle on the policy. Plaintiff also seeks a declaration that Defendant is not entitled to any underinsured motorist property damage coverage. Defendant responded with her own motion for judgment on the pleadings, asserting, among other things, that she is a Class I insured entitled to stack because she is listed on the policy as an "insured driver." After a thorough review of the pleadings, the insurance policy, the parties' arguments, and the applicable law, the Court finds no ambiguity in the contract, grants Plaintiff's motion, and denies Defendant's motion.

**II.    Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, a court must accept the non-movant's factual statements as true and draw all reasonable inferences in his favor. *Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. *Bradley*, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on a Rule 12(b)(6) motion, "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." *Continental Cleaning Serv. v. United Parcel Serv., Inc.*, 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted). On a motion for judgment on the pleadings, a court may consider documents attached to the pleadings. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see also* Fed. R. Civ. P. 10(c).

**III.    Discussion**

A thorough review of the insurance policy at issue in this case, which Plaintiff incorporated and attached to the Complaint, ECF No. 1 at ¶ 7, 1-1, reveals that Defendant Michelle Caine is a Class II insured. She does not contest that she was neither a resident nor relative of David Aldous at the time of the accident. She is, accordingly, not entitled to stack additional underinsured motorist coverage under the policy.

Under S.C. Code Ann. § 38-77-160, the question of whether a person may stack coverage turns on whether he or she is a Class I or a Class II insured. "A Class I insured is an insured or named insured who has a vehicle involved in the accident." *E.g.*, *Auto-Owners Ins. Co. v. Horne*,

3

586 S.E.2d 865, 868 (S.C. 2003). A Class II insured "includes any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle." *Id.* at 869. . Only Class I insureds may stack multiple underinsured motorist coverages from vehicles for which they are a named insured. *Booth v. Allstate Ins. Co.*, 334 F. Supp. 2d 880, 882 (D.S.C. 2004).

The definitions section of the policy establishes that David Aldous, as the first listed "insured driver," is the only "named insured" under the policy. *See Nationwide Mut. Fire Ins. Co. v. Sickle*, No. 3:16-CV-1515-CMC, 2017 WL 1364276, at *3 (D.S.C. Apr. 14, 2017). The Court rejects Defendants argument that she, as an "insured driver" is thereby literally a "named insured" and, therefore, a Class I insured entitled to stack coverage. If "named insured" was not both a term of art and specifically defined by the policy to exclude Defendant, this argument would obtain more plausibility. The policy clearly limits the definition of "named insured," however, to include only the first "insured driver."

Further, the word "insured" in the phrase "insured driver" does not meaningfully distinguish this case from the cases of *Ex parte United Servs. Auto Ass'n*, 614 S.E.2d 652, 654 (S.C. Ct. App. 2005), in which the court held that a listed "operator" was not entitled to stack, or *Bell v. Progressive Direct Ins. Co.*, 757 S.E.2d 399, 405 (S.C. 2014), in which the court held that a listed "driver" was not entitled to stack. A listed "driver" or a listed "operator" appears rather clearly to fit within the definition of a Class II *insured* as a person authorized to drive or operate an insured vehicle. To add the word "insured" prior to the word "driver" is, although perhaps helpful, of no legal significance. Defendant's reliance on the definition of "insured" in the policy does not alter this conclusion. "Insured" is defined by the policy to mean "one who is described as entitled to protection under each coverage." ECF No. 1-1 at 13. Defendant argues that she, as

4

an "*insured* driver," is thus "entitled to protection under each coverage." This is a tortured reading of the contract. The definition of "insured" defers to the coverage sections of the policy, which, naturally, describe who is insured under each coverage.

The coverage provisions related to underinsured motorist protection, in turn, unambiguously instruct that Defendant is entitled to no more than $50,000 in bodily injury coverage. Underinsured property damage coverage only applies to damage suffered by "you," *i.e.*, David Aldous, or his relative. ECF No. 1-1 at 26. "Other persons," including Defendant, are only entitled to the underinsured bodily injury coverage limit. *Id.* Stacking is also expressly limited by the policy: "The insuring of more than one person or vehicle under any policy issued by us or an affiliated company does not increase our payment limits." *Id.* at 28.

Finally, the Court rejects Defendant's argument that the limitation on stacking provided for in the policy is void as violative of S.C. Code Ann. § 38-77-160. Although the statute refers to an "insured or named insured," *see id.*, the statutory definition of "insured" encompasses both Class I and Class II insureds. *See* S.C. Code Ann. § 38-77-30(7). The parties otherwise agree that Class I insureds are entitled to stack coverage, while Class II insureds are not. As set forth above, Defendant is a Class II insured. She was not a named insured, resident relative, or resident spouse at the time of the accident.

### IV.   Conclusion

After a thorough review of the pleadings, the parties' arguments, the insurance policy at issue, the applicable law, and for the reasons set forth above, the Court GRANTS Plaintiff's Motion for Judgment on the Pleadings, ECF No. 9, and DENIES Defendant's Motion for Judgment on the Pleadings. ECF No. 12. The Court further DECLARES that, with respect to the December 10, 2014 accident at issue, Defendant Michelle Caine is entitled to a maximum of

$50,000.00 of underinsured motorist bodily injury coverage and no amount of underinsured motorist property damage coverage. Plaintiff's Motion to Compel, ECF No. 19, is DENIED as moot and for failure to comply with the undersigned's filing preferences.

    IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

July 30, 2020
Florence, South Carolina